ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, AND FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, DEFENDANT-INTERVENOR

Consolidated Court No. 87–04–00622

(Dated June 13, 1989)

*Heron Burchette, Ruckert & Rothwell* (*Thomas A. Rothwell, Jr., James M. Lyons,* and *Joal R. Hall*) for Floramerica, S.A. Cultivos de Caribe, S.A., and Jardines de Colombia, S.A.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Jeanne E. Davidson*) Civil Division, United States Department of Justice; *Anne W. White,* Office of the Chief Counsel for Import Administration, United States Department of Commerce for the United States.

*Stewart & Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Jimmie V. Reyna*) for Floral Trade Council of Davis, California.

### OPINION

RESTANI, *Judge:* Movants, Floramerica and its related Colombian companies, are parties to this action challenging the final results of an antidumping investigation involving fresh cut flowers from Colombia. They bring this motion pursuant to Rule 54(b) of this court for entry of separate judgment as to them. Rule 54(b) provides in part that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The present case involves judicial review of an administrative decision which affects several parties, both foreign and domestic, as well as the United States. On January 6, 1985 the court remanded this case to the administrative agency for reconsideration of several issues. *See Asociacion Colombiana de Exportadores de Flores* v. *United States*, 13 CIT 13, 704 F. Supp. 1114 (1989). Floramerica asserts that none of these issues have any affect on its claims. Rather, Floramerica asserts, the court finally and fully disposed of the issues pertaining to it in the court's opinion of January 6, 1989.

Contrary to Floramerica's assertion, there appear to be remand issues that affect movants. Specifically, certain calculations which allegedly only involved correction of clerical errors are now the subject of dispute. In view of this, it is difficult for the court to say that final judgment as to Floramerica alone may be entered at this time.

Assuming, *arguendo*, that the "clerical error" issue may be resolved quickly, the court must decide whether the court's proper concern for avoiding piecemeal appeals (*see Timken* v. *Regan*, 5 CIT 4 (1983)), is overcome by factors favoring immediate entry of judgment. That is, can plaintiffs attain any early relief if they are successful in their attempt to secure appellate review in advance of the other parties to this action?

What movants sought here and what they hope to obtain following appeal is a finding of no effective dumping margin, so that they will be exempt from both antidumping duties and participation in ongoing administrative review proceedings. Because other parties' claims, on which appeal rights have not yet accrued, may affect whether or not movants are found to be dumping, and, thus, whether or not movants can be exempted from duties and administrative review, the court cannot at this time determine that movants would gain any benefit at all from the dissection of this action.

In light of this the court finds that as to Floramerica's claim there is really only one dispute involving several parties and that that dispute cannot be separated in such a way as to be meaningful at this point.

Accordingly, plaintiffs' motion for entry of judgment is denied.